UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALFRED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. 2:25-cv-08099-SB-MBK<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

　　　　Plaintiff Brandon Alfred, a self-represented litigant seeking to proceed in forma pauperis, filed this action against the Social Security Administration (SSA), asserting claims arising out the SSA's demand for repayment of benefits.  The court screens the complaint, as required, to determine if it states a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying Rule 12(b)(6) standard to § 1915(e)).

I.

　　　　Plaintiff, an independent contractor in the entertainment industry, received social security disability benefits until the SSA terminated them on August 18, 2025, after determining that he had resumed substantial work.  Dkt. No. 1 at 5 of 9 (termination letter from SSA).  The termination letter also required him to repay $2,474 in overpaid benefits.  As a result of the overpayment demand,[1] Plaintiff

---

[1] The complaint appears to challenge the overpayment demand rather than the termination of benefits.  To the extent Plaintiff contests the termination decision, the analysis in this order is equally applicable.

y
z

JS-6

seeks one million dollars "for this civil rights/discrimination lawsuit[.]" Dkt. No. 1 at 4 of 9. He also asserts a cause of action under the "civil rights section" of the Americans with Disabilities Act (ADA). *Id.*

II.

To comply with the pleading rules, a plaintiff must file a complaint with a short and plain statement of the grounds for the court's jurisdiction and showing entitlement to relief. Fed. R. Civ. P. 8(a)(1)–(2). The body of the complaint must identify each defendant, specify the claim(s) against each defendant, and allege sufficient facts supporting the elements of each claim. The complaint also must show that it is facially plausible that the defendant is liable for the alleged misconduct. Mere legal conclusions or speculation are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). The allegations in the complaint in this case fall short of these requirements.

As a threshold matter, Plaintiff has not established a jurisdictional basis for suing the government. The government is generally immune from suit absent its consent. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). This immunity extends to constitutional-tort claims against federal agencies. *Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir. 1985) (holding that sovereign immunity bars "a remedy [against the government] for a constitutional violation"); *see also Prescott v. U.S. Dep't of Agric.*, 32 F. App'x 966 (9th Cir. 2002) (holding that "there is no waiver of the United States's sovereign immunity for damages claims arising from constitutional torts").

The Social Security Act provides for a limited waiver of sovereign immunity. 42 U.S.C. § 405(g) (authorizing judicial review of "any final decision of the Commissioner of Social Security"). "The Supreme Court has made clear that when claims . . . have at their core a challenge to a decision made regarding disability benefits, they may be raised under Section 405(g) alone, even if they raise constitutional issues and challenges and regardless of the relief sought." *Kenney v. Barnhart*, No. 05-CV-426-MAN, 2006 WL 2092607, at *6 (C.D. Cal. July 26, 2006) (citing *Weinberger v. Salfi*, 422 U.S. 749, 757–62 (1975)). Before seeking review under § 405(g), a plaintiff must exhaust his administrative remedies. *See Salfi*, 422 U.S. at 757–58. "Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held

by the Secretary, and (2) the Secretary has made a final decision on the claim." *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).

In this case, Plaintiff does not allege that he has exhausted his administrative remedies. Consequently, the Court does not have jurisdiction over any claims relating to the overpayment demand or termination decision. *See Salfi*, 422 U.S. at 760–61 (applying § 405(g) when "the Social Security Act . . . provides both the standing and the substantive basis for the presentation of their constitutional contentions").

III.

While Rule 15 generally requires courts to freely give leave to amend, a pro se complaint may be dismissed without leave where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up); *see* Fed. R. Civ. P. 15(a)(2). Here, the SSA's letter notifying Plaintiff of the appealable decision is dated August 18, 2025, and he filed this lawsuit only nine days later. It is thus clear that he failed to exhaust his administrative claims before filing the complaint. *See* 45 U.S.C. § 405(b) (providing disability benefits recipients with 60 days to appeal adverse determination and authorizing SSA to investigate and hold hearing on claim).

Accordingly, the complaint is dismissed without prejudice and without leave to amend. If, however, Plaintiff claims in good faith that he has exhausted his administrative remedies, he may move to reopen this case and reconsider this order by no later than October 10, 2025.

Date: September 12, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge